## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARK STAPLETON** | : | **CIVIL ACTION NO.:** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JONES ENTERPRISES, INC.** | : | |
| **Defendant.** | : | |
| | : | **AUGUST 31, 2005** |

## COMPLAINT

### INTRODUCTION

1.      This is an action for money damages, liquidated damages, costs, and attorneys' fees as a result of Defendant's failure to pay wages, overtime compensation and accrued vacation pay to Plaintiff, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.* ("CMWA")

### PARTIES

2.      Plaintiff Mark Stapleton is an individual presently residing in Windsor, Connecticut.

3.      Defendant, Jones Enterprises, Inc., is a corporation organized and existing under the laws of the State of Connecticut, with a principal place of business in East Hartford, Connecticut.

4.      At all times relevant to this complaint Defendant has been an employer as that term is defined under the FLSA and CMWA.

## JURISDICTION

5.    The United States District Court for the District of Connecticut has subject matter

      jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises

      questions under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6.    This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §

      1367(a) under the doctrine of supplemental jurisdiction.

7.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(c), because the Defendant

      may be found in this district and the challenged conduct occurred in this state.


## FACTUAL ALLEGATIONS

8.    At all times relevant to this complaint, Plaintiff was employed by Defendant as an

      Automotive and Truck Mechanic.

9.    Plaintiff's primary duties were to repair and maintain air conditioning units on

      automobiles and trucks, along with general automotive and truck repairs.

10.   At various times between August 31, 2002 and June 16, 2005, Plaintiff worked through

      his lunch break.

11.   On such occasions, Defendant customarily and regularly docked Plaintiff's pay by one

      hour per day, so that Defendant's records would reflect that Plaintiff had received a lunch

      break when, in fact, he had not.

12.   At various times between August 31, 2002 and June 16, 2005, Plaintiff worked more than

      40 hours in a week.

13.     On such occasions, Defendant customarily and regularly would change Plaintiff's payroll records to be submitted for the week so that they would show fewer hours than Plaintiff actually had worked.

14.     As a result of Defendant's conduct, on such occasions Plaintiff was not paid for all hours worked in excess of 40 hours per week at a rate of one and one-half times his normal rate of pay, as required by the FLSA and CMWA.

15.     Plaintiff terminated his employment with Defendant on June 16, 2005, after an unprovoked assault by a co-worker.

16.     On June 16, 2005, Defendant maintained a policy providing for the payment to employees of accrued fringe benefits upon termination, including but not limited to paid vacations.

17.     Despite Plaintiff's demand, Defendant has failed and refused to pay him his accrued vacation pay.


**COUNT ONE          VIOLATION OF THE FAIR LABOR STANDARDS ACT**

18.     Defendant's conduct as described above was a violation of the FLSA and entitles Plaintiff to compensation for all hours worked, including all overtime hours worked, for the period between August 30, 2003 and June 16, 2005, liquidated damages, attorneys' fees and court costs.

19.     Defendant's conduct as described above was a wilful violation of the FLSA and entitles Plaintiff to compensation for all hours worked, including all overtime hours worked, for the period between August 30, 2002 and June 16, 2005, liquidated damages, attorneys' fees and court costs.

**COUNT TWO          VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT**

20.     Defendant's conduct as described above was a violation of the CMWA and entitles

        Plaintiff to compensation for all hours worked, including all overtime hours worked, all

        accrued vacation pay and court costs.

21.     Defendant's conduct as described above was arbitrary, unreasonable or in bad faith in that

        it knew or should have known that Plaintiff was entitled to be paid for all hours worked,

        including all overtime hours worked, and was entitled to be paid all accrued vacation pay,

        but failed to do so.  Accordingly, Plaintiff is entitled to liquidated damages and attorneys

        fees.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff claims:

1.      Unpaid Wages under the FLSA and CMWA;

2.      Unpaid Overtime Wages under the FLSA and CMWA;

3.      Unpaid Vacation Pay under the CMWA;

4.      Liquidated Damages under the FLSA and CMWA;

5.      Interest and costs;

6.      Attorneys' fees under the FLSA and CMWA; and

7.      Such other and further relief as the Court deems just and equitable.

**JURY TRIAL DEMANDED**

      Plaintiff demands a trial by jury.


                               Plaintiff, Mark Stapleton


                               /s/ Anthony J. Pantuso, III

By:    _____

                               Anthony J. Pantuso, III
                               Hayber & Pantuso, LLC
                               221 Main Street, Suite 400
                               Hartford, CT 06106
                               Federal Bar No.: ct11638
                               (860) 522-8888
                               (860) 240-7945 (facsimile)
                               apantuso@hayberandpantuso.com
                               Attorney for Plaintiff